**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **Case No. 17-cr-393-PWG** |
| **RONALD COLEMAN** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Defendant Ronald Coleman's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 73. Mr. Coleman is over 74 years old and suffers from multiple health conditions. *See* Mot. Ex. 1, ECF No. 75-1. Mr. Coleman pleaded guilty to one count of bank fraud and three counts of aggravated identity fraud and was sentenced to 90 months imprisonment. Mot. Mem. 2, ECF No. 75.  He has been incarcerated since his arrest on July 28, 2017, and he is currently incarcerated at FCI Ft. Dix. *Id.* at 1-2.  Mr. Coleman is expected to be eligible for home confinement on May 28, 2022 (Elderly Offender Two-Thirds Date), and he seeks an order reducing his sentence to time served. Mot. Mem. 5; Reply 3. I have reviewed all the materials[1] and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons discussed below, Mr. Coleman's motion is DENIED.

**BACKGROUND**

Mr. Coleman has a history of fraudulent activity spanning more than fifty years.  Gov't Resp. 19, ECF No. 79; Pre-Sentence Report 11-19, Ex.1, ECF No. 79-1.  He is currently incarcerated for his fifth federal conviction for conduct involving fraud and identify theft, in violation of 18 U.S.C. §§ 1344 and 1028A. *Id.*  On August 21, 2018, he pleaded guilty pursuant

---

[1] The motion is fully briefed. *See* ECF Nos. 75, 79, 86, and attached exhibits.

to a plea agreement to four of the ten counts in the August 2017 Superseding Indictment as well as to a violation of supervised release. *See* Plea Agreement 1, n.1, ECF No. 47. I sentenced Mr. Coleman to the 10-year maximum sentence set forth in the plea agreement, noting that "I almost decided not to accept the 'C' plea because I feel that your case is very significant. . . . Your entire prior criminal history is one of the worst strings of theft charges that I have seen in 22 years of being a judge." Sentencing Tr. 42-43, Ex. 2, ECF No. 79-2. At his request, Mr. Coleman is serving his sentence at the federal Bureau of Prisons ("BOP") facility located at Fort Dix. *Id.* at 56. The BOP currently lists Mr. Coleman's release date as December 11, 2023. *See* Bureau of Prisons Inmate Locator for Ronald Coleman, Register Number: 08141-058, *available at* https://www.bop.gov/inmateloc/). Fort Dix reported 63 inmate active cases of COVID 19 (out of a total population of 3,134 inmates at FCI) as of February 4, 2022. *See* https://www.bop.gov/coronavirus/index.jsp, last visited Feb. 4, 2022.

Mr. Coleman suffers from multiple medical conditions, including hypertension, hyperlidemia, vasovagal syncope, acute periodontitis, esophageal reflux, glaucoma, and benign hyperplasia of the prostate, and he has contracted COVID-19 twice. Mot. Mem. 1, Exs. 1-3. Mr. Coleman submitted a request for compassionate release to the Warden of FCI Fort Dix on April 17, 2020, but he received no response. Mot. Mem. 2, Ex. 4. The Government notes that Mr. Coleman has already been infected with COVID-19 and recovered from it without serious complications.[2] Gov't Resp. 15. The Government opposes Mr. Coleman's early release, arguing that he is ineligible because he is a danger to the community. *Id.* at 17. Further, victims have provided statements objecting to early release. *Id.* at 19-20, Ex. 5.

---

[2]     Neither party reported whether Mr. Coleman has been vaccinated, but the Government reported that the BOP has implemented a vaccine program, and FCI completed 2,381 innoculations as of February 4, 2022. *See* https://www.bop.gov/coronavirus/index.jsp.

## DISCUSSION

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. High,* 997 F.3d 181, 185 (4th Cir. 2021). However, there is an exception when modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). Here, [Name] requests a modification of [his/her/their] sentence for "compassionate release" under the First Step Act, as amended.[3] The First Step Act permits a defendant to petition a federal court directly after exhausting all administrative rights whenever "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Under the statute, I must do the following: (1) determine whether the petitioner has fully exhausted all administrative remedies or 30 days have passed since the Bureau of Prisons ("BOP") received the request; (2) determine whether "extraordinary and compelling reasons" warrant a sentence reduction that is "consistent" with applicable policy statements issued by the Sentencing Commission; and (3) consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

**I.     Administrative Exhaustion**

A court may only consider a prisoner's motion for compassionate release if the prisoner has "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or if 30 days have passed since the warden of a defendant's facility received such a request. 18 U.S.C. § 3582(c)(1)(A). This condition is satisfied. *See* Mot. Mem. 2, Ex. 4. The Government does not dispute that, although it was unable to locate a response to the

---

[3] The "compassionate release" provision of the 1984 First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A)(i), permitted a court to alter a sentence only upon a motion by the Director of the BOP. In 2018 Congress amended the compassionate release mechanism when it enacted the First Step Act of 2018. *See* Pub. L. 115-391, 132 Stat. 5239 (2018). As amended, the compassionate release provision allows the Court to act on a motion for compassionate release filed by a defendant.

Defendant's administrative request for release to the Warden, more than 30 days have passed, so Mr. Coleman has exhausted his administrative remedies. Gov't Resp. 12 n.10.

## II. Extraordinary and Compelling Reasons

Second, I must determine whether "extraordinary and compelling reasons" warrant a sentence reduction and that such a reduction is "consistent" with Sentencing Commission statements. 18 U.S.C. § 3582(c)(1)(A). The Fourth Circuit has found that there is no applicable policy statement that governs a defendant's motion for compassionate release. *High*, 997 F.3d at 186 (citing *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020)). Additionally, I join with the majority of courts in finding that 18 U.S.C. § 3582(c)(1)(A)(i), as amended, grants courts with independent discretion to decide whether there are "extraordinary and compelling reasons" to modify a sentence and does not require that a court defer to the Sentencing Commission's policy statements regarding this question. *See United States v. Wise*, Criminal No. ELH-18-72, 2020 WL 2614816, at *7-9 (D. Md. May 22, 2020) (holding the same and collecting cases). As the Fourth Circuit observed, district courts have discretion to independently assess whether circumstances meet the extraordinary and compelling threshold. *McCoy*, 981 F.3d at 281-82. More specifically, "district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (citing *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). However, while not binding, the Sentencing Commission's policy statements may provide useful guidance. *Id.* at 279 (citing *United States v. Bryant*, Crim. No. 95-202-CCB-3, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020), *aff'd sub nom. United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020)).

The Sentencing Commission's policy statements in U.S.S.G. § 1B1.13 offer guidance here. Section 1B1.13 recites the language of 18 U.S.C. § 3582(c)(1)(A) before it was amended in 2018,

including the statement that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G § 1B1.13(2). The commentary to the policy statement provides four examples of what constitutes "extraordinary and compelling reasons" for a sentence reduction: (1) medical condition of the defendant; (2) age of the defendant; (3) family circumstances; and (4) a catch-all "other reasons." U.S.S.G. § 1B1.13 app. note 1(A)–(C); *see also McCoy*, 981 F.3d at 280-81.

Mr. Coleman asserts that his age, underlying medical conditions and prior infection from COVID-19 make him especially susceptible to severe illness should he contract the virus again. Mot. Mem. 2.  While the Centers for Disease Control and Prevention ("CDC") continues to update its guidance related to COVID-19, it is generally well accepted that several factors place individuals at higher risk for severe illness, and these factors increase with age.  *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited February 4, 2022).  The Government argues that Mr. Coleman is likely not at increased risk for complications should he contract COVID-19 again and asserts that even if he has established extraordinary and compelling reasons due to his age and hypertension, his motion should be denied.  Gov't Resp. 13.

The Fourth Circuit has noted that "COVID-19 raises medical issues in the prison context that are particularly serious — it is highly communicable; it is aggravated by certain other medical conditions; and it can be lethal." *High*, 997 F.3d at 185. Thus, a petitioner can present an extraordinary and compelling reason related to COVID-19. *Id.* The district courts have discretion to determine how to resolve such motions. *Id.* Judges in this Court have found that the standard of extraordinary and compelling reasons was met during the COVID-19 pandemic where defendants have serious medical problems that placed them at high risk for complications if they contracted

COVID-19. *See, e.g.*, *United States v. Jennings*, Case No. 13-cr-46-PWG, 2020 WL 4748462, at *4 (D. Md. Aug. 17, 2020) (citing cases in this Court and other courts, and the application to multiple serious conditions); *but see United States v. Taylor*, No. 17-cr-0268-PWG, 2020 WL 6322620 (D. Md. Oct. 28, 2020), *appeal dismissed*, No. 20-7632, 2021 WL 1784092 (4th Cir. Jan. 13, 2021) (finding that hypertension and high BMI were not sufficient to warrant prisoner's release when the spread of coronavirus in his BOP facility was under control, and prisoner did not show that he would not receive appropriate treatment at his BOP facility, or a nearby medical facility if he were to contract the virus).

Additionally, the judges of this Court have dealt with increased rates of COVID-19 inoculation differently. *Compare United States v. Gregory*, No. CR SAG-13-0034, 2021 WL 1909605, at *5 (D. Md. May 12, 2021) (concluding that the petitioner's COVID-19 vaccination removed his pulmonary-related conditions from the category of risk constituting an "extraordinary and compelling reason"), *and United States of America v. Dion Alexander, Defendant.*, No. CR RDB-16-364, 2021 WL 2661395, at *3 (D. Md. June 29, 2021) (taking into account falling COVID-19 infection figures and rising vaccinations when denying that petitioner had "extraordinary and compelling" reasons for release), *with United States v. Spriggs*, No. CR CCB-10-354, 2021 WL 1856667, at *3 (D. Md. May 10, 2021) (finding that petitioner's receipt of one vaccination shot did not greatly decrease the court's concern regarding his vulnerability to COVID-19 when he had underlying medical conditions and there are new variants of COVID-19). Therefore, this Court does take vaccination status into account when evaluating a motion for compassionate release.

Vaccines are effective at preventing COVID-19, but because effectiveness is not guaranteed and there are unknowns regarding the extent and duration of the vaccine's protection,

6

there may still be concern for particular individuals' increased risk of severe illness, even if fully vaccinated. *See Spriggs*, 2021 WL 1856667, at *2–3 (noting that "a vaccine does not negate that [the defendant's] underlying health conditions make him eligible"). I do not know if Mr. Coleman has been vaccinated, and it is impossible to predict the impact of the various COVID-19 vaccines on future strains of this virus, just as it is impossible to predict the impact of COVID-19 on Mr. Coleman's specific medical issues. Certainly, the situation regarding COVID-19 is rapidly evolving, and new information about the virus and risk factors must be taken into account, as well as the changing conditions at prison facilities, for better or worse.

Under these circumstances, I accept that Mr. Coleman's age and medical conditions do constitute extraordinary and compelling reasons for relief. However, as argued by the Government, his lifetime as a "conman" counsels against an exercise of discretion to grant him early release because he remains a danger to the safety of other persons and to the community. *See* 18 U.S.C. § 3142(g); Gov't Resp. 17-18 (noting that "safety of the community" in § 3142 relates to more than the danger of harm from physical violence but also "refers to the danger that the defendant might engage in criminal activity to the detriment of the community"). I also take seriously the victim's statements in opposition to early release. *See* Gov't. Resp. Ex. 5. These concerns are further considered in the analysis of the sentencing factors.

### III. Sentencing Factors

A finding of "compelling and extraordinary reasons" is a necessary but not sufficient condition for compassionate release. This Court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Those factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed;" (3) "the kinds of sentences available;" (4) the

7

sentencing guideline ranges; (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities among defendants with similar records;" and (7) "the need to provide restitution to the victims of the offense." 18 U.S.C. § 3553(a).  The defendant bears the burden to prove that these factors weigh in favor of release.  *See* 18 U.S.C. §3582.

      Here, Mr. Coleman's history of criminal behavior weighs heavily against a sentence reduction.  The offense for which he is currently incarcerated is his fifth federal conviction, and he has been convicted for committing crimes since 1975.  And each time, although he has taken responsibility for his actions, upon release he has repeated his fraudulent behavior, often against some of the same victims repeatedly.  I considered Mr. Coleman's age and health when I sentenced him, and based on the agreement of the parties, the sentence I imposed was, in my evaluation, not greater than necessary to accomplish the goals of general deterrence and specific deterrence due to Mr. Coleman's significant criminal history. Mr. Coleman's offenses were serious and caused real harm to real individuals—not just economic harm but also emotional harm.  A reduction of that sentence does not achieve the sentencing goals, and being confined in a residence, even if in a different community,[4] does not reduce the risk of him repeating his fraudulent behavior. Further, his sentence was fair and consistent with his negotiated plea agreement.

      Considering all of the circumstances, I find that granting release at this time would be inconsistent with the sentencing factors set forth in § 3553(a)—it would not reflect the seriousness of the offense, provide just punishment, nor be a sufficient deterrent to others in the community.

---

[4] Mr. Coleman's release plan includes moving to Atlanta, rather than returning to Baltimore, the scene of most of his past criminal activity.  Reply 3.

## CONCLUSION

The Court recognizes the seriousness of the COVID-19 pandemic and the risks that Mr. Coleman faces based on his age and medical conditions. However, on balance, the circumstances in support of an early release do not outweigh the seriousness of the underlying offenses, and I am not convinced that Mr. Coleman will not engage in criminal activity to the detriment of the community. Therefore, Mr. Coleman's motion for compassionate release is denied.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is this 7th day of February 2022, hereby ORDERED that Defendant Ronald Coleman's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 73, is DENIED.

/S/
Paul W. Grimm
United States District Judge